**Frances T. MILLER, Plaintiff–Appellant,**

v.

**VERIZON WIRELESS SHORT TERM DISABILITY PLAN, Defendant–Appellee.**

**No. 05–35845.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2007.

Filed Aug. 21, 2007.

* This disposition is not appropriate for publication and is not precedent except as provided

Ahmet Chabuk, Esq., Silverdale, WA, for Plaintiff–Appellant.

Brian T. Comfort, Comfort Davies & Smith, Tacoma, WA, David F. Schmidt, Esq., Chittenden Murday & Novotny LLC, Chicago, IL, for Defendant–Appellee.

Before: CANBY, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM *

by 9th Cir. R. 36–3.

Frances Miller appeals the district court's grant of summary judgment to Verizon Wireless Short Term Disability Plan ("Verizon") in her action for short-term disability benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. She contends that Verizon's claims administrator, Kemper National Services, Inc. ("KNS"), abused its discretion when it granted Miller short-term disability benefits for a two-week period, but otherwise denied her claim.[1] We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo the district court's grant of summary judgment, *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan*, 370 F.3d 869, 874 (9th Cir.2004), we affirm.

Miller's primary argument on appeal is that KNS abused its discretion when it failed to follow up on a request by its consulting physician, Dr. Mendelssohn, for additional testing and documentation. This contention is without merit. In her peer review report, upon which Miller relies, Dr. Mendelssohn did not request additional documentation; she stated simply that a determination of disability was not possible, except for the three weeks from August 20 through September 10, 2002, because Miller failed to provide specific, objective documentation of her alleged psychological impairment.

Dr. Mendelssohn's report was prepared as part of Miller's final administrative appeal. In its initial denial letter, KNS informed Miller that, to perfect her claim on appeal, she needed to provide "objective medical data," including office notes, diagnostic test results, results of scientific tests, progress notes, and consultation reports. The denial letter also noted that

Miller's initial application was deficient because it was not supported by "mental status or psychological evaluations or testing." When Miller appealed, but again failed to provide sufficient documentation to support a full award of benefits, she exhausted her right to administrative review. KNS was not obliged to consider the materials submitted by Miller after the denial on appeal. And because Miller's belated submissions are not part of the administrative record, they cannot be considered in determining whether the administrator's decision constitutes an abuse of discretion. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090–91 (9th Cir.1999) (en banc); *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir.1995).

Reviewing, as we must, the documentation before KNS at the time of Miller's appeal, *Kearney*, 175 F.3d at 1090–91, we conclude that it was not an abuse of discretion to authorize only a partial award of benefits. There is no evidence in the record that Miller was ever physically unable to do her job. Moreover, save for the three weeks during which Miller was taking the medication Bromocriptine, nothing in Dr. Simonson's office notes, or Dr. Mendelssohn's peer review report, suggests that Miller was mentally impaired to the point of not being able to perform her job duties.

In her appeal before this court, Miller argues that KNS abused its discretion when it awarded disability benefits for a two-week period, rather than the three weeks recommended by Dr. Mendelssohn. It is not clear from the record why KNS chose to grant benefits for two weeks, and

---

1. An administrator's denial of ERISA-disability benefits is reviewed for abuse of discretion when, as here, the benefits plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the

terms of the plan. *See Jebian v. Hewlett–Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1102–03 (9th Cir. 2003).

not three. Miller failed to raise this issue before the district court, however, and it is therefore waived. *See Bolker v. Commissioner,* 760 F.2d 1039, 1042 (9th Cir.1985).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.